United States District Court
District of Massachusetts

```
                               )
Thomas Mercado,                )
                               )
          Plaintiff,           )
                               )     Civil Action No.
     v.                        )     14-13250-NMG
                               )
James Saba,                    )
                               )
          Defendant.           )
                               )
```

MEMORANDUM & ORDER

GORTON, J.

This motion concerns the submission of a petition for writ of habeas corpus of petitioner Thomas Mercado ("Mercado" or "petitioner") that has been pending for 12 years. Mercado alleges that respondent James Saba ("Saba" or "respondent") is detaining him in violation of his rights under the United States Constitution. The action was stayed in 2015 and now, after interminable state post-conviction proceedings, Mercado returns to this Court with a motion for leave to amend his petition. For the reasons that follow, that motion will be allowed, in part, and denied, in part.

I.   Background

     A. The Massachusetts State Court Proceedings

     In 2009, Mercado was convicted in Massachusetts Superior Court of first-degree murder and sentenced to life without

-1-

parole.  His motion for a new trial was denied in 2012. Thereafter, his conviction and the denial of the motion for a new trial were affirmed by the Massachusetts Supreme Judicial Court ("SJC") in August, 2013.

In July, 2014, Mercado filed a pro se motion for a new trial in state court pursuant to Mass.R.Crim.P. 30.  He expressly requested that the court hold his motion in abeyance until he filed his supporting affidavit.  Several weeks later, the court notified the parties that it would take no action on the motion filed without an affidavit.

Five years later, in June, 2019, Attorney Amy Codagnone filed an appearance on behalf of Mercado and thereafter successfully moved the state court for funds for forensic testing, post-conviction discovery and expert discovery.  In January, 2022, Mercado filed a memorandum of law in support of his 2014 motion to which he attached several affidavits.  He filed an amended memorandum in November, 2022, after the completion of further post-conviction discovery.

In June, 2023, the state court denied Mercado's motion for a new trial but he was granted leave to appeal that decision, at least in part, to the SJC.  That appeal was denied in May, 2025, and, although his motion to reconsider was allowed in part, the denial of his motion for a new trial was ultimately affirmed in September, 2025.

-2-

## B. The Federal Habeas Proceedings

In August, 2014, Mercado filed his petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He claimed that he was denied:

1) his rights to effective assistance of counsel, due process, a fair trial and the right against self-incrimination with respect to an unmirandized FBI interrogation in Puerto Rico,

2) his right to a public trial with respect to the closure of the courtroom during a hearing on an immunity petition and

3) his right to due process with respect to jury instructions on the burden of proof with respect to two theories of first-degree murder.

After respondent filed both a response and a motion for judgment on the pleadings, Mercado requested the Court (United States District Judge Douglas Woodlock) to stay the petition pending the outcome of his state court motion for a new trial pursuant to Mass.R.Crim.P. 30. In August, 2015, the Court allowed the motion for a stay and directed Mercado to file status updates every six months for the duration of that litigation. He filed the updates as instructed.

On September 19, 2025, the same day the state court motion for reconsideration was decided, Mercado filed the pending motion for leave to amend his 2014 petition. His new petition contains 14 grounds for relief, 11 of which were not included in the original petition. Respondent timely opposed the motion.

-3-

## II. Motion for Leave to Amend

The pleading presents two issues for the Court. First, the parties dispute whether the 2014 motion for a new trial was "properly filed" such that it tolled the one-year limitations period for habeas petitions under 28 U.S.C. §2244(d)(2). If the motion for a new trial did not toll that limitations period, as respondent contends, then the question remains as to whether the amendments "relate back" to the original petition under Fed.R.Civ.P. 15(c) in which case petitioner would be permitted to amend his petition in any event.

At the outset, the Court notes that this motion does not concern Grounds 1, 2 or 3 of the amended petition because those grounds were included in the 2014 filing. Respondent does not object to their inclusion in the amended petition.

### A. Tolling

#### i. Legal Standard

Under 28 U.S.C. §2244(d)(1), a one-year statute of limitations applies to an application for a writ of habeas corpus. That limitation period generally begins when, inter alia, the challenged judgment becomes final or the factual predicate for the claim could have been discovered through the exercise of due diligence. Id. The one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court. §2244(d)(2).

-4-

In Massachusetts, Mass.R.Crim.P. 30 is the exclusive vehicle for post-conviction relief after direct appeal has been exhausted. Sena v. Kenneway, 997 F.3d 378, 383 (1st Cir. 2021). As relevant to this case, Mass.R.Crim.P. 30(c)(3) provides that

> [m]oving parties shall file and serve and parties opposing a motion may file and serve affidavits where appropriate in support of their respective positions.

When a defendant seeks to present evidence in support of his Rule 30 motion for a new trial, an affidavit is ordinarily required. See Com. v. Sherman, 68 Mass. App. Ct. 797, 800, 864 N.E.2d 1241, 1244 (2007).

Absent tolling under 28 U.S.C. §2244(d)(2), equitable tolling may apply in cases in which 1) petitioner diligently pursued his rights and 2) some extraordinary circumstance prevented timely filing. Holmes v. Spencer, 685 F.3d 51, 62 (1st Cir. 2012).

### ii. Application

#### 1. Tolling in general

Mercado argues that his Rule 30 motion was "properly filed" in state court, for purposes of 28 U.S.C. §2244(d)(2), as of July, 2014. He emphasizes that the state court did not dismiss the motion but instead held it in abeyance until the required affidavit was filed eight years later. He contends that decision confirms that the filing of the motion in 2014 was

-5-

proper and therefore invokes the tolling provision at §2244(d)(2). Now, almost 12 years later, he asserts that he is still within the one-year limitations period and that it is within his discretion to amend his petition.

Mercado is mistaken. The Massachusetts Rules of Criminal Procedure clearly require moving parties to file an affidavit "where appropriate." Mass.R.Civ.P. 30(c)(3); see also Oberlies v. Att'y Gen., 479 Mass. 823, 838 (2018) ("It is well established that use of the word 'shall' indicates a mandatory duty."). While the rule does not clearly define when such affidavits are "appropriate," the state court, in light of its refusal to act on Mercado's motion, was of the opinion that one was required here. Just because the state court made no ruling on the motion does not indicate the original 2014 filing was proper. Rather, it shows that the motion was not complete until it was supplemented in 2022, at which point it became ripe for disposition. This Court therefore concludes that the limitations period was not tolled by the 2014 filing.

Equitable tolling similarly does not apply. Mercado's assertion that he believed his Mass.R.Crim.P. 30 motion to be properly filed, and his habeas limitation period therefore tolled, is unavailing considering his acknowledgment to the state court that the necessary affidavit was forthcoming.

-6-

Nor can Mercado rely on the stay of the federal habeas proceeding. This Court agrees with respondent that the stay, while authorizing a hiatus of the federal habeas proceeding itself, did not toll the statute of limitations under 28 U.S.C. §2244(d)(1).

### 2. Tolling for Grounds 4, 5 and 8

Mercado also asserts that Grounds 4, 5 and 8 of the amended petition are predicated upon facts that were not discoverable until the post-conviction proceedings. He avers that, even if his Mass.R.Crim.P. 30 motion was not properly filed until January, 2022, claims based upon facts not discoverable before January, 2021, would fall within the one-year limitations period and therefore be tolled. See 28 U.S.C. §2244(d)(1)(D). The Court will address each ground in turn.

Grounds 5 and 8 of the amended petition relate to, inter alia, new expert eyewitness identification evidence obtained during the post-conviction proceedings. Mercado claims that such evidence was only available after the state court granted funds for an eyewitness expert in March, 2022. The Court disagrees. The phrase "factual predicate" within §2244(d)(1)(D) refers to evidentiary facts or events. Holmes v. Spencer, 685 F.3d 51, 59 (1st Cir. 2012). Information that simply supports a claim that was otherwise available does not qualify. See James v. Goguen, No. 1:18-CV-11960-TSH, 2019 WL 6130669, at *9 (D.

-7-

Mass. Sept. 30, 2019).  The Court concludes that the limitations period was not tolled with respect to Grounds 5 or 8.

Ground 4 of the amended petition claims that newly discovered, previously withheld evidence demonstrates that Mercado's rights were violated under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  In support of that claim, Mercado relies on 1) new information learned from key witnesses Ivano Correia, Joseph DeStefano and Jeanette Martinez, 2) newly disclosed evidence related to the alleged inducement of witness Corinne Cripps and 3) newly disclosed records relating to the alleged inadequate police investigation and misconduct.

The Court concludes that the new information related to Correia, DeStefano and Martinez was discoverable prior to January, 2021.  Mercado states that those witnesses disclosed new information upon being interviewed in connection with the post-conviction proceedings, but he fails to show that such information was unavailable prior to January 2021.  Thus, the limitations period was not tolled with respect to those claims.

In contrast, Mercado has shown that evidence related to Cripps and the alleged police misconduct could not have been discovered prior to January, 2021.  He plausibly alleges that such evidence was only disclosed to him during post-conviction discovery in 2022.  The Court therefore finds that the

-8-

limitations period was tolled with respect to the claims regarding Cripps and alleged police misconduct in Ground 4. Because the motion to amend was filed the same day his state court proceedings concluded, he is within the limitations period and will be allowed to amend his petition to include those claims.

Mercado's conviction became final on August 7, 2013. See Voravongsa v. Wall, 349 F.3d 1, 2 (1st Cir. 2003) (finding that state conviction becomes final at expiration of 90-day period to file petition for certiorari with the United States Supreme Court). With the exception of the above claims in Ground 4, the one-year limitations period expired on August 7, 2014, and the remainder of the motion for leave to amend must therefore be decided pursuant to Fed.R.Civ.P. 15.

## B. Federal Rule of Civil Procedure 15

### i. Legal Standard

Federal Rule of Civil Procedure 15(c) governs a motion to amend a habeas petition after the statute of limitations has expired. Mayle v. Felix, 545 U.S. 644, 664 (2005). Untimely amendments are permitted to relate back to the original petition so long as they arise out of the same conduct, transaction or occurrence originally set forth. Fed.R.Civ.P 15(c)(1)(B). In the habeas context, the rule requires that the original and new claims be interconnected to a common core of operative fact.

Mayle, 545 U.S. at 659.  A claim does not relate back just because it is premised upon the same legal theory. United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) (finding that an ineffective assistance claim does not relate back to a prior claim if it involves an entirely different kind of attorney misconduct).

### ii. Application

Petitioner argues that Grounds 7, 8 and 13 of the amended petition relate back to the original petition.  Those grounds cite various factual bases for claims regarding prosecutorial misconduct, ineffective assistance of counsel and other violations of his constitutional rights.  Respondent generally objects that these proposed grounds concern factual and legal theories distinct from the original petition and do not relate back.

Mercado asserts that all three grounds relate back to Ground 1 in his original petition, which concerns an unmirandized FBI interrogation in Puerto Rico and the associated state court proceedings.  The Court finds that, while most of the factual bases for Grounds 7, 8 and 13 are distinct from those of Ground 1, relation back is appropriate to the extent those allegations concern the FBI interrogation and related proceedings.  Mercado alleges that, inter alia, 1) the government failed to correct false testimony with respect to the

-10-

interrogation (Ground 7), 2) trial counsel failed to litigate adequately the pretrial motion to suppress evidence related to the interrogation (Ground 8) and 3) appellate counsel failed to raise the Miranda issue on appeal (Ground 13).  Those grounds do relate back as to the FBI interrogation.

Mercado further asserts that Grounds 8 and 13 relate back to Ground 3 of the original petition, which concerns the trial court's jury instruction on the burden of proof of first-degree murder.  Again, while most of the factual predicates of Grounds 8 and 13 are distinct from those of Ground 3, there is some overlap.  Ground 8 is partially based upon the instruction and trial counsel's failure to object and Ground 13 is based, at least in part, upon appellate counsel's failure to appeal the issue properly.  Those grounds therefore relate back to the original petition with respect to that jury instruction.

The Court concludes that Mercado will therefore be allowed to amend his original petition with the addition of Ground 7, insofar as it relates to the FBI interrogation in Puerto Rico, and Counts 8 and 13, insofar as they relate to the FBI interrogation in Puerto Rico or the jury instruction on the burden of proof with respect to first degree murder.

-11-

## ORDER

For the forgoing reasons, the Motion for Leave to Amend (Docket No. 69) is:

1) with respect to the claims related to inducement of witness Corinne Cripps and inadequate police investigation and misconduct in Ground 4, **ALLOWED**;

2) with respect to the claims related to the FBI interrogation in Puerto Rico in Ground 7, **ALLOWED**;

3) with respect to the claims related to the FBI interrogation in Puerto Rico and the jury instruction on the burden of proof for first degree murder in Grounds 8 and 13, **ALLOWED**; but

4) with respect to the remaining claims within Counts 4, 7, 8 and 13, **DENIED**; and

5) with respect to Grounds 5, 6, 9, 10, 11, 12 and 14, **DENIED**.

**So ordered.**

Nathaniel M. Gorton
Senior United States District Judge

Dated: May 29, 2026

-12-